IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **PRESTON WHITING,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:14-CV-0104-CAR-MSH |
| **BRIAN OWENS, et. al.** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Plaintiff **Preston Whiting**, an inmate currently confined at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. After a preliminary review of the Complaint, the Court finds that Plaintiff's allegations fail to state a claim for relief under § 1983. The Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Court's filing fee, however, is not refundable. Plaintiff is still obligated to pay the entire $350.00 filing fee using the payment-plan described 28 U.S.C. § 1915(b) and ordered herein. The Clerk of Court is thus **DIRECTED** to send a copy of this Order to the warden or business manager of the Georgia Diagnostic and Classification Prison.

**STANDARD OF REVIEW**

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* prisoner's pleading is still subject to dismissal prior to service if the district court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555; *see also, Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

This action arises out of Plaintiff's confinement at the Georgia Diagnostic and Classification Prison. The Complaint alleges that Plaintiff is presently housed in administrative segregation with a "Tier II" security classification. Prisoners confined at this level have less privileges and freedom than prisoners with other classifications. They are apparently deprived of their personal property, contact visitation, and fully furnished cells; they are also denied access to the telephone, law library, and commissary and programs for religious exercise, vocational training, and recreation. Plaintiff alleges that he was assigned a Tier II classification because of a past disciplinary infraction even though that he had already been punished and served a term in isolation for that offense. The Complaint also alleges that Plaintiff was not afforded an "initial classification hearing" and that the Tier II assignment was actually retaliation for his filing of grievances and participation in a hunger strike.

Plaintiff also appears to bring claims based on his disciplinary confinement on other occasions. The Complaint vaguely alleges that Deputy Warden Powell served as a disciplinary hearing officer and, in retaliation for Plaintiff's participation in the hunger

3

strike, found Plaintiff guilty of an infraction without providing him due process. As a result, Plaintiff was placed on phone and store restriction, charged a $4.00 fee, and held in isolation. The Complaint also alleges that Unit Manager McMillian ordered that Plaintiff be confined to isolation without good cause or any disciplinary hearing. Plaintiff was then allegedly confined in a cell containing a broken toilet filled with stagnant feces. When Plaintiff complained about these conditions, McMillan allegedly moved him to a cell with "worser" conditions for thirty days. Plaintiff, however, does not describe these conditions or how they were "worse" than those previously imposed.

Plaintiff has now brought this action against Commissioner Brian Owens, Warden Carl Humphrey, Deputy Warden William Powell, Deputy Warden June Bishop, Facility Director Randy Tillman, and Unit Manager James McMillian for violations of his First, Eighth, Fifth and Fourteenth Amendment rights.

    A.  <u>Fourteenth Amendment Due Process Claims</u>

Plaintiff claims that Defendants violated his right to due process by not affording him a hearing prior to the change in his security classification or with respect to his past disciplinary confinement. Plaintiff's conclusory allegations, however, do not state a constitutional claim: The Constitution is not offended simply because a prisoner is denied a hearing prior to a change in the conditions of his confinement. In cases such as this, a constitutional injury occurs only if the change also "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

4

*Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Here, Plaintiff first complains that Defendants failed to provide him an initial classification hearing. Plaintiff, however, "has no constitutionally protected liberty interest in being classified at a certain security level." *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008). He is thus not entitled to a hearing prior to a change in his security classification. *Id. C.f. Edwards v. Gilbert*, 867 F.2d 1271, (11th Cir. 1989) (no federal due process right to an administrative hearing "prior to" defendants' action).

Furthermore, the allegations in his Complaint do not show that the re-classification created a severe change in Plaintiff's prison conditions or imposed a hardship that was atypical of ordinary prison life such that he was otherwise entitled to some measure of due process. Plaintiff merely complains that prisoners housed at this security level lose visitation, telephone, and commissary privileges and are denied access to various educational, religious, and recreational programs. Such deprivations are not atypical of those discomforts normally associated with prison life. *See Sandin*, 515 U.S. at 486. *See also, Walker v. Loman*, No. 2:06-cv-00896, 2006 WL 3327663, *2 (M.D. Ala. 2006) ("[a]n inmate's ability to visit, to shop, and to use the telephone is heavily restricted while in prison, as are most aspects of an inmate's life"); *Johnson v. Brown*, No. 05–0019, 2008 WL 490923 at *4–5 (S.D.Ala. Feb.19, 2008) ("Constitution does not grant an inmate a right in visitation, store, and telephone privileges.").

Plaintiff also claims that Defendants McMillian and Powell violated due process

5

when they failed to provide him a disciplinary hearing prior to his transfer to isolation. Short terms of isolation "do not tend to present the kind of atypical and significant deprivation to implicate the Due Process Clause." *Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009). Thus, a thirty-day term of disciplinary segregation, such as that involved here, will not require that the prisoner be provided a disciplinary hearing "absent a showing that the prisoner's isolation worked a major disruption [his] environment when compared to his placement in the general population." *Id.*; *Sandin*, 515 U.S. at 485-87 (thirty days of segregation did not give rise to a protected liberty interest). *See also*, *Rodgers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (no liberty interest implicated by two month period in segregation).

    Plaintiff's Complaint does not make the requisite showing. The Complaint only alleges that, as a result of Defendants' actions, Plaintiff lost phone and store privileges on one occasion and was sent to cell with a broken toilet that contained "stagnant" feces on another. These vague allegations do not describe conditions significantly different from what Plaintiff may find in general population. *See Johnson v. Brown*, No. 05–0019, 2008 WL 490923 at *4–5 (S.D. Ala. Feb.19, 2008) ("Constitution does not grant an inmate a right in visitation, store, and telephone privileges."); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir.1997) (six-months in isolation "was not atypical even if cells were infested with vermin, smeared with human feces . . . , flooded with water, and unbearably hot").

    Plaintiff has thus failed to state a due process claim.

B. <u>Eighth Amendment Claims</u>

Plaintiff next claims that these conditions violate his rights under the Eighth Amendment. To prevail on an Eighth Amendment conditions of confinement claim, a prisoner must show that his conditions are objectively and sufficiently "serious," or "extreme," so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004), or if society otherwise "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 37, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

The conditions imposed in "administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment." *Sheley v. Dugger*, 833 F.2d 1420, 1428–29 (11th Cir. 1987). Limited periods of incarceration in unsanitary conditions are likewise "insufficient to evidence an Eighth Amendment violation." *Mckissick v. Owens*, No. CV 312–065, 2013 WL 1213087, at *2 (S.D. Ga. Feb. 21, 2013). *See also*, *Smith v. Copeland*, 87 F.3d 265, 268–69 (8th Cir.1996) (living with overflowed toilet in cell for 4 days not unconstitutional); *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (living with a toilet that occasionally overflows "is unpleasant but not necessarily unconstitutional").

7

Here, Plaintiff alleges that he has been confined in a cell with a broken toilet, denied his personal property, visitation, telephone and commissary privileges, and access to the law library and prison programs. These allegations, even when viewed in the light most favorable to Plaintiff, do not describe conditions that pose an unreasonable risk of serious damage to Plaintiff's health; nor do they otherwise offend the contemporary standards of decency. Thus, while Plaintiff's confinement may have been unpleasant times, the factual allegations in Plaintiff's Complaint simply do not describe the sort of "extreme" deprivation that an Eighth Amendment claim demands. *See Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Plaintiff's Complaint fails to state an Eighth Amendment claim.

### C. First Amendment Claims

Plaintiff next claims that his current classification and past disciplinary convictions were acts in retaliation by Defendants for his filing of grievances and past participation in a hunger strike. It is well-settled that a prison official may not retaliate against an inmate for engaging in conduct protected by the First Amendment. *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). The courts, however, also recognize the inevitability that prisoners will take exception to acts by prison officials and "the ease with which claims of retaliation may be fabricated." *Colon v. Coughlin*, 58 F.3d 865, 872 (2nd Cir 1995). Prisoner claims of retaliation are thus examined "with skepticism and particular care." *Id.*

Therefore, to state a cognizable retaliation claim, a prisoner must "come forward with more than 'general attacks'" on a prison official's motivations. *Robinson v. Boyd*, No. 5:03CV25/MMP/MD, 2005 WL 1278136 at *3 (N.D. Fla. May 26, 2005) (citing *Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 750 (1998)). The prisoner must allege facts showing both (1) that he complained about the conditions of his confinement, *and* (2) that he was subsequently punished by prison officials *because* he made this complaint. *Farrow*, 320 F.3d at 1248. The complaint must allege an actual causal connection between the prisoner's protected conduct and the prison official's alleged retaliatory action. *See id. See also, Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). This may be accomplished by either alleging direct evidence of retaliatory intent or by describing "a chronology of events which may be read as providing some support for an inference of retaliation." *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979).

In this case, Plaintiff's Complaint does neither. Plaintiff only makes conclusory assertions that Defendants' motives were retaliatory. The Complaint does not identify any direct evidence of retaliation or set forth a specific chronology of events to support an inference of retaliation. Plaintiff has thus failed to allege sufficient facts to state a retaliation claim.

D. Double Jeopardy Claim

Finally, Plaintiff's Complaint alleges that Defendants violated his right against double jeopardy when they assigned him a more restrictive security classification based

9

on a disciplinary offense for which he has already been punished. Even if the facts alleged are true, Plaintiff's double jeopardy claim is without merit. The Double Jeopardy Clause is applicable only to criminal prosecutions and does not apply here. *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975). *See also*, *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (Double Jeopardy Clause does not apply to a prison's administrative determination that disruptive conduct requires transfer to a higher security facility); *Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994) ("Prison disciplinary hearings are not part of a criminal prosecution and therefore do not implicate double jeopardy concerns.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). Plaintiff's allegations thus do not state a cognizable double jeopardy claim.

## CONCLUSION

The Court therefore finds that the allegations in Plaintiff's Complaint, even when liberally construed and viewed in Plaintiff' favor, fail to state a claim for relief under § 1983. The Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

As previously warned, the dismissal of this complaint does not relieve Plaintiff of his obligation to pay the Court's filing fee; he is still obligated to eventually pay the full $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). For this reason, it is **ORDERED** that Plaintiff be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward

the full filing fee.  The agency having custody of Plaintiff is **DIRECTED** forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid.  See 28 U.S.C. § 1915(b)(2).  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of this lawsuit and the granting of judgment against him prior to the collection of the full filing fee.  In the event Plaintiff is released from the custody of the State of Georgia (or county thereof), he remains obligated to pay any balance due on the filing fee until it has been paid in full.  If Plaintiff is released from custody and fails to remit payments, collection of any balance due is authorized by any means permitted by law.

**SO ORDERED**, this 18th day of June, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr